GREENWOOD CEMETERY OF WAYNE ET AL., APPELLANTS, V.
CITY OF WAYNE ET AL., APPELLEES.

FILED MAY 15, 1923.   No. 23085.

1. **Municipal Corporations:** PAVING: EXEMPTION OF BURIAL LOTS.
   Under a statute exempting from execution only burial lots sold by a
   cemetery association for the sole purpose of interments, unsold lots
   are not exempt from an assessment for special benefits conferred by
   the paving of a street.

2. ———: ———: SPECIAL ASSESSMENTS: TAXATION. A municipal
   assessment for a special benefit accruing to private property through
   a public improvement is not "taxation" within the meaning of a
   statute exempting property from taxation.

3. ———: ———: ———: EXEMPTION. A statute exempting property
   from "sale on execution on any judgment" does not apply to a sale
   of property to pay an assessment by a city for special benefits con-
   ferred by a public improvement.

APPEAL from the district court for Wayne county:
ANSON A. WELCH, JUDGE.   *Affirmed.*

*C. H. Hendrickson,* for appellants.

*F. S. Berry,* contra.

Heard before MORRISSEY, C. J., ROSE, ALDRICH and
GOOD, JJ., BEGLEY, District Judge.

ROSE, J.

This is a proceeding to review an assessment of prop-
erty of a cemetery association for special benefits derived
from the paving of a public street.  The board of equali-
zation of the city of Wayne made the assessment.  The
property affected belongs to the Greenwood Cemetery, a
private corporation organized under statutory authority
for the purposes indicated by its name.  Comp. St. 1922,
sec. 588.  The proceedings of the city in paving the
street and in thus benefiting the cemetery association are
conceded to be regular, but the validity of the assessment
for special benefits is said to be void for the reason that
cemetery property is exempted by statute.  On petition in
error the assessment by the board of equalization was
reviewed in the district court, where it was held that the

cemetery was specially benefited by the pavement to the extent of $3,437.76. From an order permitting the payment. of this sum out of general funds available for improvements the association has appealed.

Did the legislature exempt the property of cemeteries from assessments for local improvements? In absence of an exemption the city that paved the street or avenue had power to levy a special assessment on adjacent property of the cemetery' in proportion to the special benefits conferred. Comp. St. 1922, sec. 4283. The street or avenue improved led to the cemetery and its land was adjacent thereto. A purpose to which funds of the cemetery may be appropriated is the improvement of avenues leading thereto. Comp. St. 1922, sec. 592. A statute invoked to show exemption from assessments for benefits declares:

"Burial lots sold by such association shall be for the sole purpose of interments, and shall be subject to the rules prescribed by the association, and shall be exempt. from taxation, execution, attachment, or any other claim, lien or process whatever, if used exclusively for burial purposes, and in no wise with a view to profit." Comp. St. 1922, sec. 593.

Only "burial lots sold" for the "sole purpose of interments" are exempted, "if used exclusively for burial purposes." It is shown without dispute that the cemetery has 420 unsold burial lots. It is therefore clear that these lots are not exempted by the statute quoted.

The following legislation, however, is cited to show that unsold burial lots cannot be sold under any form of legal process:

"Lands appropriated and set apart as burial grounds, either for public or private use, and so recorded in the county clerk's office of the county where such lands are situated, shall not be subject to sale on execution on any judgment to be hereafter recovered, to taxation, to dower, nor to compulsory partition." Comp. St. 1922, sec. 596.

It is settled law that a municipal assessment for a special benefit accruing to real estate through a public improvement is not "taxation" as that word is used in the statute.

The "sale" forbidden is a sale "on execution on any judgment." The "judgment" to which reference is made by the legislature is a judgment at law in a court of justice, and does not include an assessment by a municipal board of equalization for a special benefit conferred by the paving of a street. Exemption is an exception to the general rule and to be available must be found in the terms of the statute. It seems clear that the unsold lots are not exempt from the assessment for special benefits. It follows that the city board of equalization had power to make an assessment for the proper benefits, which are shown to be $3,437.76.

Happily a forced sale of lots is unnecessary. The cemetery has on hand available funds amounting to $3,799.05 which may legally be applied to the expenses of improvements. Out of this fund the entire assessment may be paid at once or payments may be made as they fall due.

AFFIRMED.